IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01078-BNB

JAMES SUAREZ, JR.,

    Plaintiff,

v.

JOHN PALOMINO, in his individual and official capacities as former investigator for
    CCCF

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Mr. Suarez is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed, *pro se*, a Prisoner Complaint (ECF No. 1) alleging a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Suarez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Similarly, vague and conclusory allegations that a plaintiff's rights

have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Suarez will be ordered to file an amended prisoner complaint.

Mr. Suarez alleges that in August 2012, a prison official questioned Mr. Suarez about discs being brought into the facility and that Mr. Suarez denied any knowledge. (ECF No. 1 at 3). He further alleges that he informed the prison official that he was being falsely accused and that he would file a complaint in court. (*Id.*) Mr. Suarez asserts that a few weeks later, Defendant ordered Plaintiff's removal from the general population and placement into segregation pending an investigation. (*Id.*) He contends that Defendant violated his First Amendment right against retaliation by placing him in segregation for "no other reason but to retaliate against me for stating I am filing a complaint in the courts." (*Id.* at 3, 5). He further alleges that Defendant violated his Fourteenth Amendment right to procedural due process because Mr. Suarez did not receive "any notice, hearing, or calling of witnesses" when he was removed from general population and placed in segregation for nine days. (*Id.* at 3-4). He seeks declaratory and monetary relief.

The Court finds that the Complaint is deficient. Mr. Suarez must file an amended prisoner complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8. A complaint that does not comply with Rule 8 may be subject to dismissal. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

The Complaint does not meet the requirements of Fed. R. Civ. P. 8 because Mr. Suarez fails to provide a short and plain statement of his claims showing that he is entitled to relief. His vague and conclusory assertions do not satisfy the pleading requirements of Rule 8. In particular, Mr. Suarez fails to allege specific facts that demonstrate (1) a constitutionally protected liberty interest for his due process claim and (2) a retaliatory motive for his retaliation claim.

First, Plaintiff alleges a violation of his due process rights because he was placed in segregation for nine days. (ECF No. 1 at 4). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and

those who seek to invoke its procedural protection must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "In the penological context, not every deprivation of liberty at the hands of prison officials has constitutional dimension. This is so because incarcerated persons retain only a narrow range of protected liberty interest." *Rezaq v. Nalley,* 677 F.3d 1001, 1011 (10th Cir. 2012). "A protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Wilkinson,* 545 U.S. at 221 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (alteration in original); *see also Estate of DiMarco v. Wyo. Dep't of Corrs., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007). Generally, it is not an "atypical and significant hardship" for an inmate to be placed in segregation while an investigation is being conducted. *See Jordan v. Federal Bureau of Prisons,* 191 Fed. Appx. 639, 653 (10th Cir. 2006) (unpublished); *see also Hewitt v. Helms,* 459 U.S. 460, 468 (1983) ("administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration"). Moreover, extreme conditions in administrative segregation do not, on their own, constitute an "atypical and significant hardship" when compared to "the ordinary incidents of prison life." *Rezaq,* 677 F.3d at 1015 (quoting *Sandin,* 515 U.S. at 484); *see also McAdams v. Wyo. Dep't of Corrs.,* 2014 WL 1378232, at *3-4 (10th Cir. Apr. 9, 2014) (finding no protected liberty interest despite placement in long-term administrative segregation for more than three years).

Here, Mr. Suarez's allegation that he was placed in segregation for nine days pending an investigation does not demonstrate that he possessed a constitutionally

protected liberty interest. Moreover, the Complaint lacks any facts concerning the conditions of his confinement in segregation to constitute an atypical and significant hardship.

In addition, administrative segregation of an inmate pending completion of an investigation of disciplinary charges against him does not require elaborate procedural protections. *See Hewitt,* 459 U.S. at 475-77 (holding that informal, nonadversary evidentiary review is sufficient); *see also Fogle v. Slack,* 2010 WL 2757374, at *6, No. 05-cv-1211-KHV (D. Colo. July 13, 2010) (informal, nonadversary evidentiary review satisfies due process concerns when prison officials decide that an inmate represents a security threat and place him in administrative segregation as a consequence). Here, Mr. Suarez alleges that he was placed in segregation without "any notice, hearing, or calling of witnesses," but he fails to set forth specific facts supporting a claim that he was deprived of the minimum process that he was due.

Mr. Suarez also alleges that he was placed in segregation in retaliation for stating that he would file a civil complaint in court. "Mere allegations of constitutional retaliation will not suffice; [plaintiffs] must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights. *See Frazier,* 922 F.2d at 562 n.1. To state a cognizable retaliation claim, Mr. Suarez must allege specific facts that demonstrate the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *see also Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of a constitutional retaliation claim). Mr. Suarez's retaliation claims are vague and conclusory and he does not allege any facts that demonstrate that Defendant's retaliatory motives were the "but

for" cause of placing Mr. Suarez in segregation. Accordingly, it is

ORDERED that Plaintiff, James Suarez, Jr., file **within thirty (30) days from the date of this order,** an amended Prisoner Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Suarez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Suarez fails to file an amended prisoner complaint that complies with this order within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

DATED April 30, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge