IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01078-BNB

JAMES SUAREZ, JR.,

Plaintiff,

v.

JOHN PALOMINO, in his individual and official capacities as former investigator for CCCF,

Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, James Suarez, Jr., is a prisoner incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He has been granted leave to proceed *in forma pauperis*. On April 30, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Suarez to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. Specifically, Judge Boland informed Mr. Suarez that his allegations failed to demonstrate (1) a constitutionally-protected liberty interest for his due process claim; and (2) a retaliatory motive for his retaliation claim. (*Id.*). Mr. Suarez filed an Amended Prisoner Complaint (ECF No. 6) on May 6, 2014.

The Court must construe the Amended Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Prisoner

Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint when a prisoner is seeking redress from officers or employees of a governmental entity and dismiss the Complaint, or any portion of the Complaint, that is frivolous or malicious; that fails to state a claim upon which relief may be granted; or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327. For the reasons stated below, the Court will dismiss the Complaint as legally frivolous and for failure to state a claim upon which relief may be granted.

Here, Plaintiff asserts two claims against Defendant. First, Plaintiff alleges that Defendant violated his Fourteenth Amendment right to procedural due process because he was placed in segregation for nine days without any notice of charges, evidence, or a hearing. (ECF No. 6 at 4). He further asserts that while in segregation he was denied access to television, radio, and personal items. (*Id.* at 3-4). Second, Plaintiff alleges that Defendant retaliated against Plaintiff by ordering Plaintiff's placement in segregation because he had exercised his First Amendment right of access to the

courts. (*Id.* at 6).

Plaintiff's first claim lacks merit for the following reasons. To establish a procedural due process claim, a person must show that he (1) was deprived of a constitutionally-protected liberty or property interest; (2) was entitled to certain procedural protections incident to that deprivation; and (3) did not actually receive the protections to which he was entitled. *See Couture v. Board of Education,* 535 F.3d 1243, 1257 (10th Cir. 2008). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "In the penological context, not every deprivation of liberty at the hands of prison officials has constitutional dimension. This is so because incarcerated persons retain only a 'narrow range of protected liberty interests.' " *Rezaq v. Nalley,* 677 F.3d 1001, 1011 (10th Cir. 2012)*; see also Marion v. Columbia Correctional Institution,* 449 F.3d 693, 697 (7th Cir. 2009) (noting that an inmate's liberty interest in avoiding segregation is very limited or nonexistent).

The first element, the existence of a constitutionally-protected liberty interest, depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *Id.* at 483-84. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Accordingly, Plaintiff's transfer to segregation for nine days does not implicate a liberty interest that arises under the Constitution.

State law also may create a protected liberty interest if a transfer to harsher

conditions of confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson,* 545 U.S. at 223. Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions (1) relate to and further a legitimate penological interest; (2) are extreme; (3) increase the duration of confinement; and (4) are indeterminate. *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007). In making this assessment, the Court should be mindful that "nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.' " *Rezaq,* 677 F.3d at 1012 (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 479-83).

Accordingly, numerous courts have held that an inmate's temporary placement in segregation did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484 (holding that thirty days of segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); *DiMarco,* 473 F.3d at 1342-43 (holding that segregation of transgender inmate for safety reasons did not impose an atypical and significant hardship)*; Amin v. Voigtsberger,* No. 13-1400, 2014 WL 1259570, at *4 (10th Cir. March 28, 2014) (holding as a matter of law that thirty days of administrative segregation without advance written notice did not violate the Fourteenth Amendment); *Clayton v. Ward,* 232 Fed. Appx. 827, 832 (10th Cir. 2007) (twenty-six days of segregation did not assert a liberty interest where the stay "was of relatively

short duration" and no facts were alleged that the confinement was an atypical and significant hardship); *Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996) (administrative segregation did not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison); *Barkus v. Kaiser,* No. 00-7044, 2000 WL 1346226, at *2 (10th Cir. Sept. 19, 2000) (inmate's thirty-three day placement in behavior modification program that restricted his television and movement privileges did not impose significant hardship on inmate sufficient to create a liberty interest); *James v. Wiley,* No. 97-6056, 1997 WL 606985, at *2 (10th Cir. Oct. 2, 1997) (inmate failed to show that his placement in administrative segregation for forty days was atypical of ordinary incidents of prison life and thus failed to establish that protected liberty interest was involved); *Wycoff v. Nichols,* 94 F.3d 1187, 1189-90 (8th Cir. 1996) (finding no liberty interest where prisoner served forty-five days in administrative segregation before disciplinary decision was reversed); *see also Townsend v. Fuchs,* 522 F.3d 765, 766, 771 (7th Cir. 2008) (concluding that "inmates have no liberty interest in avoiding transfer to discretionary segregation–that is, segregation imposed for administrative, protective, or investigative purposes"); *Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005) (noting that "being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty interest to trigger the duty of due process"); *Palmer v. Richards,* 364 F.3d 60, 65-66 (2d Cir. 2004) (noting that cases involving segregation of less than 30 days may be dismissed without a detailed factual record of conditions of confinement).

Here, Plaintiff fails to demonstrate that his conditions of confinement were sufficiently "atypical and significant" to create a liberty interest under the Due Process

Clause. Plaintiff describes his conditions in segregation as follows:

> “defendant (Palomino) retaliated against me by ordering me to be housed into the hardest punishment in all of DOC, which is punitive segregation (no TV, no Radio, no Personal items)”

(ECF No. 6 at 3).

He does not allege that his nine-day segregation affected the duration of his sentence or that the confinement in segregation was indeterminate. Moreover, the Court is not persuaded that being subjected to these alleged deprivations for a short period results in an atypical and significant hardship in relation to the ordinary incidents of prison life. *See e.g., Tena v. Linza,* No. 12-cv-03215-MSK-CBS, 2014 WL 1154183, at *6 (D. Colo. March 13, 2014) (holding that deprivation of inmate’s radio did not constitute an “atypical and significant hardship”). Thus, the Court finds that Plaintiff has not pleaded any facts that would plausibly indicate that nine days in segregation without television, radio, and personal items is atypical to the ordinary incidents of prison life. Without an underlying liberty interest, Plaintiff was not entitled to the procedural protections he alleges he was denied. Thus, the due process claim will be dismissed based on the absence of a protected liberty interest.

Plaintiff’s retaliation claim also lacks merit. To state a retaliation claim, a plaintiff "must plead facts indicating that he can plausibly prove three elements at trial: (1) he engaged in constitutionally protected activity; (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the defendants' actions were substantially motivated by the plaintiff's protected activity." *Magluta v. U.S. Fed. Bureau of Prisons*, No.

08-cv-00404, 2009 WL 1504749, at *3 (D. Colo. May 27, 2009) (unpublished) (addressing claim for retaliation in the First Amendment context) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir.2007)). " A plaintiff must allege facts to show that retaliation was the animus behind the defendants' actions, i.e., a plaintiff must show that 'but for' a desire to retaliate, the defendants would not have acted as they did." *Magluta*, 2009 WL 1504749, at *3 (citations omitted). "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of [his] constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (internal quotation marks and citation omitted).

Even assuming that placement in segregation for nine days constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities, Plaintiff fails to adequately allege that Defendant was substantially motivated by his protected activity. In the Complaint, Plaintiff states that in August 2012, he asked the facility's librarian for a prisoner complaint form to assert claims against state investigators for falsely accusing him of bringing discs into the facility and using abusive questioning tactics. (ECF No. 6 at 3, 6). Plaintiff then states that Defendant retaliated against him by ordering Plaintiff into segregation on September 13, 2012. (*Id.*). Plaintiff tries to connect his intent to sue the state investigators and Defendant's decision to place him in segregation by alleging that the librarian "must have informed defendant" about Plaintiff's request for a prisoner complaint in August 2012. (*Id.*).

The Court finds that Plaintiff's allegation that Defendant was aware of Plaintiff's desire to bring a cause of action against the state investigators is mere speculation. Moreover, Plaintiff's conclusory allegations do not establish a connection between his

complaints about the state investigators (the officials with the alleged retaliatory animus), and Defendant (the official who caused Plaintiff's injury by placing him in segregation). *See e.g., Burns v. Huss,* 10cv-2691-WJM-CBS, 2013 WL 2295422, at *8-10 (D. Colo. May 24, 2013) (dismissing retaliation claim for failure to allege connection where prison official with retaliatory animus was not the same individual as the defendant who caused plaintiff's injury). Thus, Plaintiff does not allege any facts demonstrating that his desire to assert a cause of action against the state investigators was the basis for Defendant's alleged retaliatory intent or the "but for" cause of Plaintiff's placement in segregation. Accordingly, Plaintiff's claim of retaliation is without merit, and will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 23rd day of May, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court